## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| **JOHN DEERE CONSTRUCTION & FORESTRY COMPANY, JOHN DEERE FINANCIAL, F.S.B.** | ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | **8:25-cv-02534** |
| **v.** | ) ) | |
| **CALDERONI TRUCKING, LLC, CARLI JO CALDERONI, ALLAN KITTO** | ) ) ) ) | |
| **Defendants.** | ) ) | |

## COMPLAINT

For its complaint against Defendants Calderoni Trucking, LLC, Carli Jo Calderoni, and Allan Kitto, Plaintiffs John Deere Construction & Forestry Company and John Deere Financial, f.s.b. state as follows:

## PARTIES

1.     Plaintiff John Deere Construction & Forestry Company ("Deere") is a citizen of Delaware and Illinois because it is a corporation with its principal place of business in Illinois and incorporated under the laws of Delaware.

2.     Plaintiff John Deere Financial, f.s.b. ("Deere Financial") is a citizen of Wisconsin because it is a federally charted savings bank whose main office is in Wisconsin.

3.     Defendant Calderoni Trucking, LLC ("Calderoni Trucking") is a citizen of Florida because its member is a citizen of Florida.

4.     Defendant Carli Jo Calderoni ("Carli") is an adult citizen of Florida because she is domiciled in Florida.

5.     Defendant Allan Kitto ("Kitto") is an adult citizen of Florida because he is domiciled in Florida.

## JURISDICTION & VENUE

6.     This Court has jurisdiction over this action under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.00 because Defendants owe Deere over 4.2 million dollars.

7.     Venue is proper under 28 U.S.C. § 1391(b) because Carli and Kitto reside in and a substantial part of the events or omissions giving rise to Deere's claims occurred in this District.

## COUNT ONE
### Breach of Contract – Acct No. 7315
### (Against Calderoni and Carli)

8.     On June 20, 2023, Calderoni Trucking and Carli entered into a Loan Contract – Security Agreement ("Contract 7315" or, for this Count, the "Contract") to purchase certain John Deere equipment and agreed to pay Deere a total amount of $292,123.47.

9.     To perfect its security interest in the Deere collateral, Deere filed a UCC-1 financing statement.

10.    A true and correct copy of Contract No. 7315 and the corresponding UCC-1 are attached hereto as composite Exhibit 1.

11.    Deere has performed all of its obligations under the Contract.

12.    Calderoni Trucking and Carli have not performed their obligations under the Contract.

13.    Calderoni Trucking and Carli are in default under the Contract because they have failed to maintain timely payments and their failure to pay breached their obligations under the Contract.

14.    Deere has been harmed as a proximate result of Calderoni Trucking and Carli's breach.

15.    Deere has incurred damages, which the Contract permits, such as attorneys' fees, repossession fees, collection costs, interest, fees, and litigation expenses.

16.    All conditions precedent to maintaining this claim are satisfied.

WHEREFORE, John Deere Construction & Forestry Company demands judgment against Calderoni Trucking LLC and Carli Calderoni, jointly and/or severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Construction & Forestry Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

## COUNT TWO
### Breach of Contract – Acct No. 8743
### (Against Calderoni and Carli)

17.    On August 8, 2023, Calderoni Trucking and Carli entered into a Loan Contract – Security Agreement ("Contract 8743") to purchase

certain John Deere equipment and agreed to pay Deere a total amount of $165,440.15.

18.    To perfect its security interest in the Deere collateral, Deere filed a UCC-1 financing statement.

19.    A true and correct copy of Contract No. 8743 and the corresponding UCC-1 are attached hereto as composite Exhibit 2.

20.    Deere has performed all of its obligations under the Contract.

21.    Calderoni Trucking and Carli have not performed their obligations under the Contract.

22.    Calderoni Trucking and Carli are in default under the Contract because they have failed to maintain timely payments and their failure to pay breached their obligations under the Contract.

23.    Deere has been harmed as a proximate result of Calderoni Trucking and Carli's breach.

24.    Deere has incurred damages, which the Contract permits, such as attorneys' fees, repossession fees, collection costs, interest, fees, and litigation expenses.

25.    All conditions precedent to maintaining this claim are satisfied.

WHEREFORE, John Deere Construction & Forestry Company demands judgment against Calderoni Trucking LLC and Carli Calderoni, jointly and/or severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Construction & Forestry Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

### COUNT THREE
### Breach of Contract – Acct No. 3324
### (Against Calderoni and Carli)

26.    On August 16 2023, Calderoni Trucking and Carli entered into a Loan Contract – Security Agreement ("Contract 3324" or, for this Count, the "Contract") to purchase certain John Deere equipment and agreed to pay Deere a total amount of $348,959.52.

27.    To perfect its security interest in the Deere collateral, Deere filed a UCC-1 financing statement.

28.    A true and correct copy of Contract No. 3324 and the corresponding UCC-1 are attached hereto as composite Exhibit 4.

6

29. Deere has performed all of its obligations under the Contract.

30. Calderoni Trucking and Carli have not performed their obligations under the Contract.

31. Calderoni Trucking and Carli are in default under the Contract because they have failed to maintain timely payments and their failure to pay breached their obligations under the Contract.

32. Deere has been harmed as a proximate result of Calderoni Trucking and Carli's breach.

33. Deere has incurred damages, which the Contract permits, such as attorneys' fees, repossession fees, collection costs, interest, fees, and litigation expenses.

34. All conditions precedent to maintaining this claim are satisfied.

WHEREFORE, John Deere Construction & Forestry Company demands judgment against Calderoni Trucking LLC and Carli Calderoni, jointly and/or severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Construction & Forestry Company for the above described damages, together with interest from

7

the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

### COUNT FOUR
### Breach of Contract – Acct No. 8632
### (Against Calderoni and Carli)

35.    On August 25, 2023, Calderoni Trucking and Carli entered into a Loan Contract – Security Agreement ("Contract 8632" or, for this Count, the "Contract") to purchase certain John Deere equipment and agreed to pay Deere a total amount of $199,818.24.

36.    To perfect its security interest in the Deere collateral, Deere filed a UCC-1 financing statement.

37.    A true and correct copy of Contract No. 8632 and the corresponding UCC-1 are attached hereto as composite Exhibit 4.

38.    Deere has performed all of its obligations under the Contract.

39.    Calderoni Trucking and Carli have not performed their obligations under the Contract.

40.    Calderoni Trucking and Carli are in default under the Contract because they have failed to maintain timely payments and their failure to pay breached their obligations under the Contract.

41.    Deere has been harmed as a proximate result of Calderoni Trucking and Carli's breach.

42.    Deere has incurred damages, which the Contract permits, such as attorneys' fees, repossession fees, collection costs, interest, fees, and litigation expenses.

43.    All conditions precedent to maintaining this claim are satisfied.

WHEREFORE, John Deere Construction & Forestry Company demands judgment against Calderoni Trucking LLC and Carli Calderoni, jointly and/or severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Construction & Forestry Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

## COUNT FIVE
### Breach of Contract – Acct No. 1159
### (Against Calderoni and Carli)

44.    On September 5, 2023, Calderoni Trucking and Carli entered into a Loan Contract – Security Agreement ("Contract 1159" or, for this Count, the "Contract") to purchase certain John Deere equipment and agreed to pay Deere a total amount of $73,444.32.

45.    To perfect its security interest in the Deere collateral, Deere filed a UCC-1 financing statement.

46.    A true and correct copy of Contract No. 1159 and the corresponding UCC-1 are attached hereto as composite Exhibit 5.

47.    Deere has performed all of its obligations under the Contract.

48.    Calderoni Trucking and Carli have not performed their obligations under the Contract.

49.    Calderoni Trucking and Carli are in default under the Contract because they have failed to maintain timely payments and their failure to pay breached their obligations under the Contract.

50.    Deere has been harmed as a proximate result of Calderoni Trucking and Carli's breach.

51.    Deere has incurred damages, which the Contract permits, such as attorneys' fees, repossession fees, collection costs, interest, fees, and litigation expenses.

52.    All conditions precedent to maintaining this claim are satisfied.

WHEREFORE, John Deere Construction & Forestry Company demands judgment against Calderoni Trucking LLC and Carli Calderoni, jointly and/or severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Construction & Forestry Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

## COUNT SIX
### Breach of Contract – Acct No. 5140
### (Against Calderoni and Carli)

53.    On September 5, 2023, Calderoni Trucking and Carli entered into a Loan Contract – Security Agreement ("Contract 5140" or, for this

Count, the "Contract") to purchase certain John Deere equipment and agreed to pay Deere a total amount of $111,893.76.

54.    To perfect its security interest in the Deere collateral, Deere filed a UCC-1 financing statement.

55.    A true and correct copy of Contract No. 5140 and the corresponding UCC-1 are attached hereto as composite Exhibit 6.

56.    Deere has performed all of its obligations under the Contract.

57.    Calderoni Trucking and Carli have not performed their obligations under the Contract.

58.    Calderoni Trucking and Carli are in default under the Contract because they have failed to maintain timely payments and their failure to pay breached their obligations under the Contract.

59.    Deere has been harmed as a proximate result of Calderoni Trucking and Carli's breach.

60.    Deere has incurred damages, which the Contract permits, such as attorneys' fees, repossession fees, collection costs, interest, fees, and litigation expenses.

61.    All conditions precedent to maintaining this claim are satisfied.

WHEREFORE, John Deere Construction & Forestry Company demands judgment against Calderoni Trucking LLC and Carli Calderoni, jointly and/or severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Construction & Forestry Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

<u>**COUNT SEVEN**</u>
**Breach of Contract – Acct No. 8759**
**(Against Calderoni and Carli)**

62.    On September 15, 2023, Calderoni Trucking and Carli entered into a Loan Contract – Security Agreement ("Contract 8759" or, for this Count, the "Contract") to purchase certain John Deere equipment and agreed to pay Deere a total amount of $565,714.08.

63.    To perfect its security interest in the Deere collateral, Deere filed a UCC-1 financing statement.

64.    A true and correct copy of Contract No. 8759 and the corresponding UCC-1 are attached hereto as composite Exhibit 7.

65.   Deere has performed all of its obligations under the Contract.

66.   Calderoni Trucking and Carli have not performed their obligations under the Contract.

67.   Calderoni Trucking and Carli are in default under the Contract because they have failed to maintain timely payments and their failure to pay breached their obligations under the Contract.

68.   Deere has been harmed as a proximate result of Calderoni Trucking and Carli's breach.

69.   Deere has incurred damages, which the Contract permits, such as attorneys' fees, repossession fees, collection costs, interest, fees, and litigation expenses.

70.   All conditions precedent to maintaining this claim are satisfied.

WHEREFORE, John Deere Construction & Forestry Company demands judgment against Calderoni Trucking LLC and Carli Calderoni, jointly and/or severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Construction & Forestry Company for the above described damages, together with interest from

14

the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

**COUNT EIGHT**
**Breach of Contract – Acct No. 0494**
**(Against Calderoni and Carli)**

71.    On September 25, 2023, Calderoni Trucking and Carli entered into a Loan Contract – Security Agreement ("Contract 0494" or, for this Count, the "Contract") to purchase certain John Deere equipment and agreed to pay Deere a total amount of $294,024.96.

72.    To perfect its security interest in the Deere collateral, Deere filed a UCC-1 financing statement.

73.    A true and correct copy of Contract No. 0494 and the corresponding UCC-1 are attached hereto as composite Exhibit 8.

74.    Deere has performed all of its obligations under the Contract.

75.    Calderoni Trucking and Carli have not performed their obligations under the Contract.

76.    Calderoni Trucking and Carli are in default under the Contract because they have failed to maintain timely payments and their failure to pay breached their obligations under the Contract.

15

77.    Deere has been harmed as a proximate result of Calderoni Trucking and Carli's breach.

78.    Deere has incurred damages, which the Contract permits, such as attorneys' fees, repossession fees, collection costs, interest, fees, and litigation expenses.

79.    All conditions precedent to maintaining this claim are satisfied.

WHEREFORE, John Deere Construction & Forestry Company demands judgment against Calderoni Trucking LLC and Carli Calderoni, jointly and/or severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Construction & Forestry Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

## COUNT NINE
### Breach of Contract – Acct No. 8195
### (Against Calderoni and Carli)

80.   On October 3, 2023, Calderoni Trucking and Carli entered into a Loan Contract – Security Agreement ("Contract 8195" or, for this Count, the "Contract") to purchase certain John Deere equipment and agreed to pay Deere a total amount of $155,641.79.

81.   To perfect its security interest in the Deere collateral, Deere filed a UCC-1 financing statement.

82.   A true and correct copy of Contract No. 8195 and the corresponding UCC-1 are attached hereto as composite Exhibit 9.

83.   Deere has performed all of its obligations under the Contract.

84.   Calderoni Trucking and Carli have not performed their obligations under the Contract.

85.   Calderoni Trucking and Carli are in default under the Contract because they have failed to maintain timely payments and their failure to pay breached their obligations under the Contract.

86.   Deere has been harmed as a proximate result of Calderoni Trucking and Carli's breach.

87.    Deere has incurred damages, which the Contract permits, such as attorneys' fees, repossession fees, collection costs, interest, fees, and litigation expenses.

88.    All conditions precedent to maintaining this claim are satisfied.

WHEREFORE, John Deere Construction & Forestry Company demands judgment against Calderoni Trucking LLC and Carli Calderoni, jointly and/or severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Construction & Forestry Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

## COUNT TEN
### Breach of Contract – Acct No. 6882
### (Against Calderoni and Carli)

89.    On October 4, 2023, Calderoni Trucking and Carli entered into a Loan Contract – Security Agreement ("Contract 6882" or, for this

Count, the "Contract") to purchase certain John Deere equipment and agreed to pay Deere a total amount of $497,743.80.

90.    To perfect its security interest in the Deere collateral, Deere filed a UCC-1 financing statement.

91.    A true and correct copy of Contract No. 6882 and the corresponding UCC-1 are attached hereto as composite Exhibit 10.

92.    Deere has performed all of its obligations under the Contract.

93.    Calderoni Trucking and Carli have not performed their obligations under the Contract.

94.    Calderoni Trucking and Carli are in default under the Contract because they have failed to maintain timely payments and their failure to pay breached their obligations under the Contract.

95.    Deere has been harmed as a proximate result of Calderoni Trucking and Carli's breach.

96.    Deere has incurred damages, which the Contract permits, such as attorneys' fees, repossession fees, collection costs, interest, fees, and litigation expenses.

97.    All conditions precedent to maintaining this claim are satisfied.

WHEREFORE, John Deere Construction & Forestry Company demands judgment against Calderoni Trucking LLC and Carli Calderoni, jointly and/or severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Construction & Forestry Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

### COUNT ELEVEN
**Breach of Contract – Acct No. 6896**
**(Against Calderoni and Carli)**

98.    On October 25, 2023, Calderoni Trucking and Carli entered into a Loan Contract – Security Agreement ("Contract 6896" or, for this Count, the "Contract") to purchase certain John Deere equipment and agreed to pay Deere a total amount of $567,427.68.

99.    To perfect its security interest in the Deere collateral, Deere filed a UCC-1 financing statement.

100. A true and correct copy of Contract No. 6896 and the corresponding UCC-1 are attached hereto as composite Exhibit 11.

20

101. Deere has performed all of its obligations under the Contract.

102. Calderoni Trucking and Carli have not performed their obligations under the Contract.

103. Calderoni Trucking and Carli are in default under the Contract because they have failed to maintain timely payments and their failure to pay breached their obligations under the Contract.

104. Deere has been harmed as a proximate result of Calderoni Trucking and Carli's breach.

105. Deere has incurred damages, which the Contract permits, such as attorneys' fees, repossession fees, collection costs, interest, fees, and litigation expenses.

106. All conditions precedent to maintaining this claim are satisfied.

WHEREFORE, John Deere Construction & Forestry Company demands judgment against Calderoni Trucking LLC and Carli Calderoni, jointly and/or severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Construction & Forestry Company for the above described damages, together with interest from

the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

## COUNT TWELVE
### Breach of Contract – Acct No. 5784
### (Against Calderoni and Carli)

107.  On November 02, 2023, Calderoni Trucking and Carli entered into a Loan Contract – Security Agreement ("Contract 5784" or, for this Count, the "Contract") to purchase certain John Deere equipment and agreed to pay Deere a total amount of $354,970.56.

108.  To perfect its security interest in the Deere collateral, Deere filed a UCC-1 financing statement.

109. A true and correct copy of Contract No. 5784 and the corresponding UCC-1 are attached hereto as composite Exhibit 12.

110.  Deere has performed all of its obligations under the Contract.

111. Calderoni Trucking and Carli have not performed their obligations under the Contract.

112. Calderoni Trucking and Carli are in default under the Contract because they have failed to maintain timely payments and their failure to pay breached their obligations under the Contract.

113. Deere has been harmed as a proximate result of Calderoni Trucking and Carli's breach.

114. Deere has incurred damages, which the Contract permits, such as attorneys' fees, repossession fees, collection costs, interest, fees, and litigation expenses.

115. All conditions precedent to maintaining this claim are satisfied.

WHEREFORE, John Deere Construction & Forestry Company demands judgment against Calderoni Trucking LLC and Carli Calderoni, jointly and/or severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Construction & Forestry Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

## COUNT THIRTEEN
### Breach of Contract – Acct No. 6183
### (Against Calderoni and Carli)

116.  On May 31, 2023, Calderoni Trucking and Carli entered into a Loan Contract – Security Agreement ("Contract 6183" or, for this Count, the "Contract") to purchase certain John Deere equipment and agreed to pay Deere a total amount of $360,374.00.

117.  To perfect its security interest in the Deere collateral, Deere filed a UCC-1 financing statement.

118. A true and correct copy of Contract No. 6183 and the corresponding UCC-1 are attached hereto as composite Exhibit 13.

119.  Deere has performed all of its obligations under the Contract.

120.  Calderoni Trucking and Carli have not performed their obligations under the Contract.

121. Calderoni Trucking and Carli are in default under the Contract because they have failed to maintain timely payments and their failure to pay breached their obligations under the Contract.

122.  Deere has been harmed as a proximate result of Calderoni Trucking and Carli's breach.

24

123. Deere has incurred damages, which the Contract permits, such as attorneys' fees, repossession fees, collection costs, interest, fees, and litigation expenses.

124. All conditions precedent to maintaining this claim are satisfied.

WHEREFORE, John Deere Construction & Forestry Company demands judgment against Calderoni Trucking LLC and Carli Calderoni, jointly and/or severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Construction & Forestry Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

## COUNT FOURTEEN
### Breach of Contract – Acct No. 7285
### (Against Calderoni and Carli)

125. On June 20, 2023, Calderoni Trucking and Carli entered into a Loan Contract – Security Agreement ("Contract 7285" or, for this

Count, the "Contract") to purchase certain John Deere equipment and agreed to pay Deere a total amount of $125,086.56.

126.  To perfect its security interest in the Deere collateral, Deere filed a UCC-1 financing statement.

127. A true and correct copy of Contract No. 7285 and the corresponding UCC-1 are attached hereto as composite Exhibit 14.

128.  Deere has performed all of its obligations under the Contract.

129.  Calderoni Trucking and Carli have not performed their obligations under the Contract.

130.  Calderoni Trucking and Carli are in default under the Contract because they have failed to maintain timely payments and their failure to pay breached their obligations under the Contract.

131.  Deere has been harmed as a proximate result of Calderoni Trucking and Carli's breach.

132.  Deere has incurred damages, which the Contract permits, such as attorneys' fees, repossession fees, collection costs, interest, fees, and litigation expenses.

133. All conditions precedent to maintaining this claim are satisfied.

WHEREFORE, John Deere Construction & Forestry Company demands judgment against Calderoni Trucking LLC and Carli Calderoni, jointly and/or severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Construction & Forestry Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

## COUNT FIFTEEN
### Breach of Contract – Acct No. 2818
### (Against Calderoni and Carli)

134. On January 3, 2024, Calderoni Trucking and Carli entered into a Loan Contract – Security Agreement ("Contract 2818" or, for this Count, the "Contract") to purchase certain John Deere equipment and agreed to pay Deere a total amount of $302,016.48.

135. To perfect its security interest in the Deere collateral, Deere filed a UCC-1 financing statement.

136. A true and correct copy of Contract No. 2818 and the corresponding UCC-1 are attached hereto as composite Exhibit 15.

137.  Deere has performed all of its obligations under the Contract.

138.  Calderoni Trucking and Carli have not performed their obligations under the Contract.

139.  Calderoni Trucking and Carli are in default under the Contract because they have failed to maintain timely payments and their failure to pay breached their obligations under the Contract.

140.  Deere has been harmed as a proximate result of Calderoni Trucking and Carli's breach.

141.  Deere has incurred damages, which the Contract permits, such as attorneys' fees, repossession fees, collection costs, interest, fees, and litigation expenses.

142.  All conditions precedent to maintaining this claim are satisfied.

WHEREFORE, John Deere Construction & Forestry Company demands judgment against Calderoni Trucking LLC and Carli Calderoni, jointly and/or severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Construction & Forestry Company for the above described damages, together with interest from

the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

### COUNT SIXTEEN
### Breach of Contract – Acct No. 9801
### (Against Calderoni and Carli)

143.  On December 20, 2023, Calderoni Trucking and Carli entered into a Loan Contract – Security Agreement ("Contract 9801" or, for this Count, the "Contract") to purchase certain John Deere equipment and agreed to pay Deere a total amount of $656,879.52.

144.  To perfect its security interest in the Deere collateral, Deere filed a UCC-1 financing statement.

145. A true and correct copy of Contract No. 9801 and the corresponding UCC-1 are attached hereto as composite Exhibit 16.

146.  Deere has performed all of its obligations under the Contract.

147. Calderoni Trucking and Carli have not performed their obligations under the Contract.

148. Calderoni Trucking and Carli are in default under the Contract because they have failed to maintain timely payments and their failure to pay breached their obligations under the Contract.

29

149. Deere has been harmed as a proximate result of Calderoni Trucking and Carli's breach.

150. Deere has incurred damages, which the Contract permits, such as attorneys' fees, repossession fees, collection costs, interest, fees, and litigation expenses.

151. All conditions precedent to maintaining this claim are satisfied.

WHEREFORE, John Deere Construction & Forestry Company demands judgment against Calderoni Trucking LLC and Carli Calderoni, jointly and/or severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Construction & Forestry Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

## COUNT SEVENTEEN
### Breach of Contract – Acct No. 8804
### (Against Calderoni and Carli)

152.  On March 29, 2024, Calderoni Trucking and Carli entered into a Loan Contract – Security Agreement ("Contract 8804" or, for this Count, the "Contract") to purchase certain John Deere equipment and agreed to pay Deere a total amount of $321,214.08.

153.  To perfect its security interest in the Deere collateral, Deere filed a UCC-1 financing statement.

154.  A true and correct copy of Contract No. 8804 and the corresponding UCC-1 are attached hereto as composite Exhibit 17.

155.  Deere has performed all of its obligations under the Contract.

156.  Calderoni Trucking and Carli have not performed their obligations under the Contract.

157.  Calderoni Trucking and Carli are in default under the Contract because they have failed to maintain timely payments and their failure to pay breached their obligations under the Contract.

158.  Deere has been harmed as a proximate result of Calderoni Trucking and Carli's breach.

159. Deere has incurred damages, which the Contract permits, such as attorneys' fees, repossession fees, collection costs, interest, fees, and litigation expenses.

160. All conditions precedent to maintaining this claim are satisfied.

WHEREFORE, John Deere Construction & Forestry Company demands judgment against Calderoni Trucking LLC and Carli Calderoni, jointly and/or severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Construction & Forestry Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

## COUNT EIGHTEEN
### Breach of Contract – Acct No. 6291
### (Against Calderoni and Carli)

161. On October 15, 2023, Calderoni Trucking and Carli opened a credit card account with Deere Financial ("Account 6291" or, for this Count, the "Account").

162. As a result of the terms of the Account, Calderoni Trucking and Carli agreed to pay the balance due and owing under the credit card account.

163. A true and correct copy of the Credit Application and its terms are attached hereto as composite Exhibit 18.

164. Deere has performed all of its obligations under the Account.

165. Calderoni Trucking and Carli have not performed their obligations under the Account.

166. Calderoni Trucking and Carli are in default under the Account because they have failed to maintain timely payments and their failure to pay breached their obligations under the Account.

167. Deere has been harmed as a proximate result of Calderoni Trucking and Carli's breach.

168. Deere has incurred damages, which the Account and its terms permits, such as attorneys' fees, repossession fees, collection costs, interest, fees, and litigation expenses.

169. All conditions precedent to maintaining this claim are satisfied.

WHEREFORE, John Deere Financial, f.s.b. demands judgment

against Calderoni Trucking LLC and Carli Calderoni, jointly and/or severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Financial, f.s.b. for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

## COUNT NINETEEN
### Replevin
### (Against All Defendants)

170.  In all of the contracts at issue in this action (collectively, the "Contracts") and the corresponding UCC-1 financing statements, Calderoni and Carli granted Deere a security interest in the following collateral:

a. 544 P-Tier Wheel Loader S/N: X19265

b. 50G Compact Excavator S/N: 297615

c. 50G Compact Excavator S/N: 297622

d. 700L Crawler Dozer S/N: 443639

e. SMAR SmartGrade Control Dozer Field Kit S/N: 000654

f.  HAMM HC10 HC 1001 S/N: A00194

g.  317G Compact Track Loader S/N: 436033

h.  60G Compact Excavator S/N: 296951

i.  470P-Tier Excavator S/N: 000365

j.  624 P-Tier Wheel Loader S/N: X20680

k.  333G Compact Track Loader S/N: 456006

l.  Mulching Head P/N: 142747

m. 724P-Tier Wheel Loader S/N: X20778

n.  470 P-Tier Excavator S/N: 000397

o.  700L Crawler Dozer S/N: 453722;

p.  Hiper VR Base Rover Kit, UHF 440-470 P/N: 139665;

q.  John Deere SMAR SMartGrade/Slope Control Dozer Field Kit
    S/N: 00079

r.  700L Crawler Dozer S/N: 445794

s.  333G Compact Track Loader S/N: 444487

t.  245P-Tier Excavator S/N: 000867

u. 672G Motor Grader with 6WD S/N: 715515;

v.  624P-Tier Wheel Loader S/N X21738

(collectively the "Collateral")

171.  The Account with Deere Financial is cross-collateralized.

172.  Because Calderoni and Carli defaulted on their obligations under the Contracts, Deere is entitled to immediate possession of the Collateral.

173.  Calderoni, Carli, and Kitto have failed and/or refused to turn over the Collateral to Deere.

174.  Calderoni, Carli, and Kitto have exercised dominion and control over Deere's Collateral and has wrongfully refused to place Deere in possession of its Collateral.

175.  Deere has incurred damages, which the Contracts permit, such as attorneys; fees, repossession fees, collection costs, interest, fees, and litigation expenses.

176.  All conditions precedent to maintaining this claim are satisfied.

WHEREFORE, John Deere Construction & Forestry Company and John Deere Financial, f.s.b. demand judgment against Calderoni Trucking LLC, Carli Calderoni, and Allan Kitto, jointly and severally, and entry of an order requiring that the collateral be delivered to it and for a judgment in the amount to be calculated to compensate John Deere

Construction & Forestry Company and John Deere Financial, f.s.b. for the loss and use of diminution in value of the Collateral while it has been wrongfully withheld by Calderoni Trucking LLC, Carli Calderoni, and/or Allan Kitto. John Deere Construction & Forestry Company and John Deere Financial, f.s.b. further demand judgment against Calderoni Trucking LLC, Carli Calderoni, and/or Allan Kitto, jointly and severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Construction & Forestry Company and John Deere Financial, f.s.b. for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

Respectfully submitted,

**McGLINCHEY STAFFORD**

/s/ *T. Dylan Reeves*
T. Dylan Reeves, Esq.
Florida Bar # 90490
Kayleigh Wright, Esq.
Florida Bar # 1051881
**MCGLINCHEY STAFFORD**
10375 Centurion Parkway N., Suite 420
Jacksonville, FL 32256

37

Telephone: (904) 224-4484
Facsimile: (904) 212-1464
Primary E-mail:
dreeves@mcglinchey.com
kwright@mcglinchey.com
Secondary E-mail:
madouglas@mcglinchey.com
jeldemire@mcglinchey.com

Attorneys For John Deere Construction &
Forestry Company and John Deere
Financial, f.s.b.