**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN DEERE CONSTRUCTION AND FORESTRY COMPANY and JOHN DEERE FINANCIAL FSB,

Plaintiffs,

Case No. 8:25-cv-2534-TPB-NHA

v.

CALDERONI TRUCKING, LLC

Defendant.
______________________________________/

## ORDER ADOPTING REPORT AND RECOMMENDATIONS IN PART

This matter is before the Court on consideration of the report and recommendations of Natalie H. Adams, United States Magistrate Judge, entered on July 8, 2026. (Doc. 36). Judge Adams recommends that "Plaintiffs' Motion for Partial Default Judgment Against Calderoni Trucking, LLC and Allan Kitto" (Doc. 22) be granted in part and denied in part, as further discussed below. No party has objected, and the time to object has expired. The undersigned held a hearing on Plaintiffs' motion on August 6, 2026, and further discussed the matter at a case management conference on September 16, 2026. (Docs. 39; 47). Based on the motion, the report and recommendations, argument of counsel, the court file, and the record, the Court finds as follows.

## Background

Plaintiffs John Deere Construction & Forestry Company and John Deere

Financial, F.S.B., filed this action against Defendants Calderoni Trucking, LLC, its principal, Carli Jo Calderoni, and another individual, Allan Kitto. Plaintiffs allege that Calderoni Trucking and Ms. Calderoni entered into a series of loan agreements with Plaintiffs to finance the purchase of heavy equipment, which served as collateral for the loans, and also entered into a credit card agreement. Plaintiffs allege that Defendants Calderoni Trucking and Ms. Calderoni breached these agreements by failing to make payments as promised and that all three Defendants failed to turn over collateral in their possession upon demand. The original complaint (Doc. 1) asserted eighteen breach-of-contract counts against Calderoni Trucking and Ms. Calderoni, together with a single claim for replevin against all three Defendants.

Ms. Calderoni answered the complaint but thereafter filed a suggestion of bankruptcy, and the case was stayed as to her. (Docs. 18; 30; 31). Defendants Calderoni Trucking and Kitto failed to answer, defaults were entered, and Plaintiffs moved for default judgment against them. The motion sought a judgment on liability for breach of contract against Calderoni Trucking and Ms. Calderoni, with damages to be determined later, and issuance of a writ of replevin for the return of the collateral as to all three Defendants.[1] (Docs. 22). The motion was referred to Judge Adams for a report and recommendation.

---

[1] As to damages, Plaintiffs asserted they were entitled to a baseline amount of $3,188,529.01, which included principal, accrued interest and costs of collection through the date of filing of the motion. They argued, however, that interest and costs of collection continued to accrue and requested that the Court retain jurisdiction to enter further orders and that they be allowed "leave to amend for any outstanding or continuing costs of collection."

Judge Adams concluded that subject matter jurisdiction, personal jurisdiction, and service of process on the defaulted defendants were established, and that Plaintiffs had sufficiently pleaded claims for breach of contract against Calderoni Trucking in Counts I to XVIII. Judge Adams further concluded, however, that Plaintiffs had failed to establish the amount of their money damages because they represented in their motion that their damages were "continuing until all equipment is recovered," and because any damages award would have to be offset by the amount of collateral "already collected and to be collected." Judge Adams also concluded that Plaintiffs had failed to properly allege a claim for replevin in Count XIX.

Based on the foregoing, Judge Adams recommended that Plaintiffs' motion be granted in part and denied in part. Specifically, Judge Adams recommended that the motion be granted to the extent that judgment on liability be entered as to the breach of contract claims in Counts I to XVIII, that the motion for default judgment be denied as to the replevin claim in Count XIX, and that Plaintiffs be given leave to amend that count. Judge Adams further recommended that the Court hold a hearing or permit additional briefing to determine the appropriate damage award, in which proceedings Plaintiffs would be required to demonstrate the amount of their damages, taking into account offsets based on Plaintiffs' recovery of collateral.

The undersigned held a hearing on Plaintiffs' motion on August 6, 2026. Following that hearing, Plaintiffs, with leave of Court, filed an amended complaint

that eliminated the replevin count and dropped Kitto as a defendant.[2] The Court then addressed Plaintiffs' motion for default judgment again at a case management conference held on September 16, 2026.

**Analysis**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendations. 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district court must "make a de novo determination of those portions of the [report and recommendation] to which an objection is made." 28 U.S.C. § 636(b)(1)(C). When no objection is filed, a court reviews the report and recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *Nettles v. Wainwright*, 677 F.2d 404, 409 (5th Cir. 1982).

Upon due consideration of the record, including Judge Adams's well-reasoned report and recommendation, the Court adopts the report and recommendations in their entirety, except in the limited respects noted below. The approach discussed below was outlined at the September 16, 2026, case management conference with Plaintiffs' counsel, who agreed with the approach.

[2] The amended complaint also dropped Ms. Calderoni as a defendant. As noted above, the case had already been stayed as to her due to her filing a suggestion of bankruptcy. The allegations in the original complaint as to Mr. Kitto were not well-developed but it appears that at some point he had obtained possession of some of the collateral and therefore had been included as a defendant on the replevin count in the original complaint. In any event, it appears that Mr. Kitto is currently incarcerated for five years in the Texas State Prison for some sort of fraud, possibly associated with the facts giving rise to this case.

**First**, the Court adopts Judge Adams's conclusion that liability for breach of contract under Counts I to XVIII is established as to Defendant Calderoni Trucking. However, rather than direct entry of a judgment on liability at this time, the Court will enter a single, final judgment once the amount of damages is determined.

**Second**, to the extent Judge Adams's report recommends that entry of a final judgment for damages await the completion of all efforts to recover collateral, the Court will instead enter a final judgment for damages based on the record evidence as of the date of the judgment, taking into account accrued damages and any offsets based on collateral recovered as of that date. *See* (Doc. 36 at 24-25). Further recoveries of collateral after entry of judgment, if any, will operate in satisfaction of the judgment. To the extent that Plaintiffs incur additional costs seeking to collect collateral after entry of judgment, they may file a motion to amend the judgment to include these costs pursuant to Fed. R. Civ. P. 60.

**Third**, as noted above, after the report and recommendations were entered, Plaintiffs filed an amended complaint eliminating Count XIX for replevin. Accordingly, the portion of Judge Adams's report addressing replevin is now moot. For the same reason, Plaintiffs' motion for default judgment as to replevin is denied as moot.

Plaintiffs are directed to file a supplemental motion for default judgment addressing the issue of money damages to be awarded in the judgment on or before October 14, 2026. The motion, supporting memorandum, and any exhibits or other evidence submitted should meet the requirements for establishing damages

discussed on page 6 of Judge Adams's report. The motion should address any offsets based on collateral already recovered, including any legal requirements in that regard (including, if appropriate, any requirements regarding valuation or regarding sale of the recovered collateral by Plaintiffs), whether imposed by the parties' contracts, the Uniform Commercial Code, or other applicable law. Based on the Plaintiffs' supplemental filing, the Court will determine whether a hearing or other additional proceedings are required prior to entry of judgment.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The report and recommendation (Doc. 36) is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review, except as noted herein.

(2) "Plaintiffs' Motion for Partial Default Judgment Against Calderoni Trucking, LLC and Allan Kitto" (Doc. 22) is **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

(3) Plaintiffs are **DIRECTED** to file a renewed motion for default judgment on or before October 14, 2026, following the directions provided herein.

(4) Plaintiff must separately move for fees under Local Rule 7.01 following entry

of final judgment in the case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of September, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE